# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISON

| | |
|---|---|
| TOMMY J. WATKINS<br>1275 Tecumseh Street<br>Toledo, OH 43607<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL CLARK GETZ<br>2298 Gilbert Road<br>Lansing, MI 48912<br><br>and<br><br>TECHNICAL LOGISTIC<br>CORPORATION<br>Resident Agent: Mike Barretta<br>28035 Beverly Road<br>Romulus, MI 48174,<br><br>    Defendants | Case No.: _____<br><br>Judge _____<br><br><br>**COMPLAINT WITH DEMAND FOR JURY TRIAL**<br><br>Stuart F. Cubbon (0006520)<br>Phillip S. Cubbon (0099454)<br>Cubbon & Associates, Co., L.P.A.<br>One SeaGate, Suite 1845<br>Toledo, OH 43604<br>Phone:  419-243-7243<br>Fax:     419-243-9512<br>Email: stucubbon@cubbon.com<br>            pcubbon@cubbon.com<br><br>Attorneys for Plaintiff |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Now comes the Plaintiff, Tommy J. Watkins, by and through counsel, and alleges and avers as follows:

## OVERVIEW

Plaintiff Tommy J. Watkins was traveling westbound on Buckingham Street in Toledo, Ohio on October 16, 2019. At or about the same time, Defendant Michael Clark Getz was driving a tractor-trailer truck eastbound on Buckingham Street past Brown Avenue

1

when he recklessly went left of center and struck Plaintiff Tommy J. Watkins' vehicle head-on. Plaintiff Tommy J. Watkins suffered injuries including, but not limited to, a fractured right calcaneus, a fractured tailbone, a second lumbar vertebrae process fracture, a right lower lobe pulmonary contusion, and multiple contusions on his chest, left lower leg, and right elbow.

## PARTIES

1. Plaintiff Tommy J. Watkins is a citizen of the State of Ohio, residing and domiciled in Lucas County.

2. Defendant Technical Logistic Corporation is registered with the Federal Motor Carrier Safety Administration with USDOT #916381 and MC#396942 and is a corporation incorporated under the laws of the State of Michigan with its principle place of business at 28035 Beverly Road, Romulus, MI 48174. Defendant Technical Logistic Corporation is therefore a citizen of the State of Michigan.

3. Defendant Michael Clark Getz is a citizen of the State of Michigan, residing and domiciled in Ingham County.

## JURISDICTION and VENUE

4. Plaintiff Tommy J. Watkins' claims are brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship.

5. Since Plaintiff Tommy J. Watkins is a citizen of Ohio, no Defendants are citizens of Ohio, and the amount in controversy (exclusive of costs and interest) exceeds $75,000, diversity jurisdiction exists in this court.

6. Venue is appropriate in this Court as this cause of action arises from a motor vehicle accident occurring in the City of Toledo, Lucas County, Ohio, which is located in this judicial district.

## FIRST CAUSE OF ACTION

*Negligence and Recklessness of Michael Clark Getz*

7. Plaintiff Tommy J. Watkins was driving westbound on Buckingham Street in Toledo, Ohio on October 16, 2019. At or about the same time, Defendant Michael Clark Getz was driving a tractor-trailer eastbound on Buckingham Street past Brown Avenue when he went left of center and struck Plaintiff Tommy J. Watkins' vehicle head-on.

8. Defendant Michael Clark Getz was operating the tractor-trailer in the course and scope of his employment with Defendant Technical Logistic Corporation.

9. Defendant Technical Logistic Corporation operates as an interstate motor carrier after having applied for and being granted Operating Authority from the Federal Motor Carrier Safety Administration. As an interstate motor carrier, Defendant Technical Logistic Corporation and its employee drivers are subject to the Department of Transportation's Federal Motor Carrier Safety Regulations.

10. Defendant Michael Clark Getz had a duty to drive his tractor-trailer in a reasonable manner, to obey all traffic laws, and to remain in his lane and not to cross the center line.

11. Defendant Michael Clark Getz had a duty under 49 C.F.R. § 392.14 to use extreme care while driving a commercial motor vehicle in hazardous conditions.

12. On October 16, 2019, Defendant Michael Clark Getz breached the above-mentioned duties and is therefore negligent.

13. In response to a Notice of Violation letter sent to Defendant Technical Logistic Corporation by the City of Toledo Department of Public Utilities, Defendant Technical Logistic Corporation admitted that after their own investigation, "it was concluded that this was a negligent act by the driver," and that Defendant Michael Clark Getz "has been suspended pending the investigation, and will be terminated at its conclusion."

14. Defendant Michael Clark Getz's negligence was the direct and proximate cause of Plaintiff Tommy J. Watkins' injuries including, but not limited to, a fractured right calcaneus, a second lumbar vertebrae process fracture, a right lower lobe pulmonary contusion, and multiple contusions on his chest, left lower leg, and right elbow.

15. As a direct and proximate result of Defendant Michael Clark Getz's negligence, Plaintiff Tommy J. Watkins incurred medical bills in excess of $129,000 for the treatment of his injuries directly resulting from this collision.

16. As a direct and proximate result of Defendant Michael Clark Getz's negligence, Plaintiff Tommy J. Watkins incurred past wage loss in the amount of $23,998.63

17. As a direct and proximate result of Defendant Michael Clark Getz's negligence, Plaintiff Tommy J. Watkins incurred physical and mental pain and suffering.

18. As a direct and proximate result of Defendant Michael Clark Getz's negligence, Plaintiff Tommy J. Watkins will incur future medical expenses and lost income to an extent that cannot be reasonably be determined at this time.

19. As a direct and proximate result of Defendant Michael Clark Getz's negligence, Plaintiff Tommy J. Watkins has experienced the loss of his ability to perform usual activities, resulting in a diminished quality of life.

20. A witness at the scene of the accident recalled to investigating police officers that Defendant Michael Clark Getz's truck "had been driving in a reckless manor (sic) prior to the accident," which reckless behavior was demonstrated by additional evidence at the scene, all of which demonstrates a conscious disregard for the rights and safety of Plaintiff Tommy J. Watkins and the public at-large, acting with reckless indifference to the consequences of his actions while knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff Tommy J. Watkins demands punitive damages against Defendant Michael Clark Getz.

## SECOND CAUSE OF ACTION

*Vicarious Liability of Defendant Technical Logistic Corporation*

21. All allegations and causes of action above are incorporated into this cause of action by reference.

22. At all relevant times, Defendant Michael Clark Getz was the employee, agent, and servant for Defendant Technical Logistic Corporation and was acting in the course and scope of his employment and agency. Accordingly, Defendant Technical Logistic Corporation is liable for the acts of Defendant Michael Clark Getz described in the cause of action above under the doctrine of respondeat superior.

23. Defendant Technical Logistic Corporation is an interstate motor carrier and by virtue of this is responsible for the acts of the Defendant driver, Michael Clark Getz.

## THIRD CAUSE OF ACTION

*Negligent Hiring, Retention, and Supervision of Michael Clark Getz by Technical Logistic Corporation*

24. All allegations and causes of action above are incorporated into this cause of action by reference.

25. The existence of an employer-employee relationship imposes a duty on the employer to prevent foreseeable injury to others. This duty is breached when the employer fails to exercise reasonable care to prevent the employment of incompetent employees.

26. As an interstate motor carrier, Defendant Technical Logistic Corporation had a duty under 42 C.F.R. § 391.23 to investigate Defendant Michael Clark Getz's motor vehicle record when he applied for employment as a truck driver.

27. As an interstate motor carrier, Defendant Technical Logistic Corporation had a duty under 42 C.F.R. § 391.25 to make an annual inquiry and review of Defendant Michael Clark Getz's driving record.

28. As an interstate motor carrier, Defendant Technical Logistic Corporation had a duty under 42 C.F.R. § 391.27 to require its employee, Defendant Michael Clark Getz, to annually prepare and furnish Defendant Technical Logistic Corporation a list of all violations of motor vehicle traffic laws and ordinances of which he had been convicted of or on which he had forfeited bond or collateral during the preceding 12 months.

29. Defendant Technical Logistic Corporation breached its duty not to employ incompetent employees when they hired, retained, and supervised Defendant Michael Clark Getz as a truck driver as he had a history of criminal, tortious, and otherwise dangerous conduct about which Defendant Technical Logistic Corporation knew or could have and should have discovered through reasonable investigation. A reasonable

investigation would have found the numerous following examples of criminal, tortious, and otherwise dangerous conduct.

30. On May 4, 1994, Defendant Michael Clark Getz was driving a tractor-trailer that was owned by his employer Nationwide Truck Brokers, Inc. northbound on I-69 in Calhoun County, Michigan when he violently rear ended another truck. The driver and passenger of the truck that was rear-ended were seriously injured and commenced a lawsuit against Defendant Michael Clark Getz, his employer, and their insurance company. The lawsuit was filed in the Calhoun County Circuit Court (Circuit Court No. 95-396-NI) on February 8, 1995 and attorneys for all parties stipulated to dismissal on November 17, 1995.

31. On December 15, 1996, Defendant Michael Clark Getz was cited by Michigan State Police for a seatbelt violation, a registration violation, and for driving with defective equipment in Isabella County, MI (Case ID #96Z660030A-ST; Case ID #96Z660030B-SI; Case ID #96Z660030C-SI).

32. On December 24, 1996, Defendant Michael Clark Getz was arrested by the Lansing Police Department for felony assault and was later found guilty for felony assault with intent to do great bodily harm less than murder or by strangulation on August 11, 1997 in Michigan's 30th Circuit Court.

33. On August 2, 2002, Defendant Michael Clark Getz was driving a tractor-trailer for his employer at the time, Great Lakes Trucking Co., Inc., southbound on Lansing Road in Lansing, MI.

34. Defendant Michael Clark Getz then drove into oncoming traffic and struck a vehicle driven by a woman, causing her vehicle to flip over four times and come to rest in a ditch and leaving her with serious injuries.

35. Defendant Michael Clark Getz and his employer Great Lakes Trucking Co., Inc. were subsequently sued by Pickell in the Circuit Court for the County of Ingham, Michigan (Case No.02-1776-NI) on November 1, 2002 and a default judgment of $55,489.40 was entered against Getz on June 20, 2005.

36. On August 14, 2002, Defendant Michael Clark Getz was charged with 2nd degree home invasion, larceny, and receiving and concealing stolen property in Eaton County, Michigan Circuit Court (Case ID #2002-0000020320-FH; Case ID #2002-0000020319-FH).

37. On September 23, 2007, Defendant Michael Clark Getz was cited for speeding, driving 85mph in a 70mph zone in Livingston County, Michigan (Case #S185554-SI).

38. On July 11, 2009, Defendant Michael Clark Getz was cited by the Lansing Police Department for speeding 1-10mph over the speed limit in the City of Lansing, Michigan (Case ID #09G3835791-OI).

39. On September 20, 2009, Defendant Michael Clark Getz was cited by the Lansing Police Department for failing to stop before leaving an alley or private drive in the City of Lansing, Michigan (Case ID #09L1060151-OI).

40. On November 21, 2009, Defendant Michael Clark Getz was by the Lansing Police Department for a violation of basic speed laws in the City of Lansing (Case ID #09G3829961-OI).

41. On January 15, 2010, Defendant Michael Clark Getz was cited by the Lansing Police Department for speeding over 1-10mph over the speed limit in the City of Lansing, Michigan (Case ID #10L1069121-OI).

42. On May 4, 2010, Defendant Michael Clark Getz was cited by the Lansing Police Department for careless driving and having no proof of insurance in the City of Lansing (Case ID #10L1298071-OI/ Case ID #10L1298072-OI).

43. On May 25, 2010, Defendant Michael Clark Getz was cited by the Michigan State Police for driving without a safety belt in Ithaca County, Michigan (Case ID #10E255911-SI).

44. On September 12, 2011, Defendant Michael Clark Getz was cited by the Livonia Police Department for driving a truck without a valid/unexpired medical card/certification and for speeding 11-15mph over the speed limit in Livonia, MI's 16th District Court (Case ID# 11LI18477B-OI; Case ID# 11LI18477A-OI).

45. On May 17, 2012, Defendant Michael Clark Getz was cited for having log book violations in Livingston County, MI (Case #V243895-SN).

46. On January 9, 2013, Defendant Michael Clark Getz was charged with first degree retail fraud in Livingston County, MI (Case #13-0011-FY).

47. On March 11, 2013, Defendant Michael Clark Getz was cited with misloading his truck by Michigan State Police in Monroe, Michigan (Case ID#131648-SI).

48. On January 8, 2015, Defendant Michael Clark Getz was cited for failing to obey UCR (Unified Carrier Registration) regulations and for failing to maintain a log book by Michigan State Police in Monroe County, Michigan (Case ID#15X484727A-SM; Case ID#15X484727B-SN).

49. On September 21, 2016, Defendant Michael Clark Getz was charged with first degree retail fraud in Eaton County, Michigan's 56th Circuit Court (Case ID# 2016-0000020262-FH).

50. On June 7, 2018, Defendant Michael Clark Getz was cited by the Michigan State Police for failing to maintain the minimum performance criteria for cargo securement in Jackson County, Michigan (Case ID# 8X3330562A-SN).

51. On July 15, 2019, Defendant Michael Clark Getz was cited for disobeying the Uniform Traffic Code by Wayne County Sheriffs in Westland, MI (Case ID #19-542803-OI).

52. On July 17, 2019, Defendant Michael Clark Getz was cited by a Wayne County Sherriff for violating parking rules and disobeying a traffic control device in Westland, Michigan (Case ID #19-542764-SM; Case ID #19-542764B-SI).

53. On July 31, 2019, Defendant Michael Clark Getz was cited by Michigan State Police for improper passing, impeding traffic, and violating a Monroe County parking ordinance in Monroe County, Michigan (Case ID#194276-SI).

54. On August 4, 2019, Defendant Michael Clark Getz was cited by the Westland Police Department for driving with defective/obstructed windshield or rear and side windows (Case ID# 19WE18255-OI).

55. On September 6, 2019, Defendant Michael Clark Getz was cited by the Hazel Park Police Department for impeding traffic (Case ID#19HP15018-OI).

56. On September 10, 2019, the driver of the same tractor-trailer Defendant Michael Clark Getz was driving when he crashed into Plaintiff Tommy J. Watkins on October 16,

2019 (Tractor Plate #RA87211; Trailer Plate #D608577) was cited for a weight violation (Report #MIROBER00219).

57. On September 20, 2019, the driver of the same tractor-trailer Defendant Michael Clark Getz was driving when he crashed into Plaintiff Tommy J. Watkins on October 16, 2019 (Tractor Plate #RA87211; Trailer Plate #D608577) was cited for speeding 1-5mph over the speed limit (Report #: MIWILSR02346).

58. If Defendant Technical Logistic Corporation had made a reasonable search into Defendant Michael Clark Getz' background, they would have and should have become aware of his decades-long history of criminal, tortious, and otherwise dangerous behavior that would have prevented him from ever getting behind the wheel of one of their tractor-trailers.

59. The negligence of Defendant Michael Clark Getz, when he drove his tractor-trailer left of center and struck Tommy J. Watkins' vehicle head-on, caused Tommy J. Watkins' above-described injuries.

60. Defendant Technical Logistic Corporation's negligence in hiring, retaining, and supervising Defendant Michael Clark Getz with their vehicles and equipment was also a proximate cause of Plaintiff Tommy J. Watkins' injuries.

61. Defendant Technical Logistic Corporation's negligent hiring, retention, and supervision of Defendant Michael Clark Getz as a truck driver demonstrated a conscious disregard for the rights and safety of Plaintiff Tommy J. Watkins and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of

causing substantial harm. Accordingly, Plaintiff Tommy J. Watkins demands punitive damages against Defendant Technical Logistic Corporation.

## FOURTH CAUSE OF ACTION

*Negligent Entrustment of Michael Clark Getz by Technical Logistic Corporation*

62. All allegations and causes of action above are incorporated into this cause of action by reference.

63. Defendant Technical Logistic Corporation entrusted a tractor-trailer to Defendant Michael Clark Getz, who they knew or should have known to be an incompetent driver.

64. The negligent use of the tractor-trailer by Defendant Michael Clark Getz, when he went left of center and struck Plaintiff Tommy J. Watkins' vehicle head-on, causing injuries including, but not limited to, a fractured right calcaneus, a fractured tailbone, a second lumbar vertebrae process fracture, a right lower lobe pulmonary contusion, and multiple contusions on his chest, left lower leg, and right elbow.

65. Defendant Technical Logistic Corporation's negligent entrustment of a tractor-trailer to Defendant Michael Clark Getz demonstrated a conscious disregard for the rights and safety of Plaintiff Tommy J. Watkins and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff Tommy J. Watkins demands punitive damages against Defendant Technical Logistic Corporation.

## PRAYER FOR RELIEF

Plaintiff Tommy J. Watkins respectfully requests judgment in his favor and against all Defendants, in an amount of eight-hundred thousand dollars ($800,000.00) in compensatory damages and five-hundred thousand dollars ($500,000.00) in punitive damages (exclusive of costs and interests), and other relief that this Court deems just under the circumstances.

Respectfully submitted,

CUBBON & ASSOCIATES, CO., L.P.A.

/s/ Stuart F. Cubbon
Stuart F. Cubbon (0006520),
Phillip S. Cubbon (0099454)
One SeaGate, Suite 1845
Toledo, OH 43604
Phone: 419-243-7243
Fax:    419-243-9512
stucubbon@cubbon.com
pcubbon@cubbon.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all triable issues.

Respectfully submitted,

CUBBON & ASSOCIATES, CO., L.P.A.

/s/ Stuart F. Cubbon
Stuart F. Cubbon (0006520),
Phillip S. Cubbon (0099454)
One SeaGate, Suite 1845
Toledo, OH 43604
Phone: 419-243-7243
Fax:    419-243-9512
stucubbon@cubbon.com
pcubbon@cubbon.com